UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:22-cv-2053 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| XIO NG, | |
| Defendant. | |

Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.   Procedural and Factual Background

On June 5, 2023, plaintiff was ordered to supplement his motion for leave to proceed in forma pauperis (IFP) because deposits to his trust account suggested that his claim of having received no money from any source over the past twelve months was not accurate. ECF No. 6. Specifically, the undersigned found that

> [t]he application to proceed in forma pauperis represents that plaintiff has no cash or assets and in the last twelve months has not received any money from a business, profession, or self-employment; stocks, bonds, or royalties; rent payments; pensions, annuities, or life insurance payments; or federal or state welfare payments, social security, or other government sources. ECF No. 2. However, plaintiff's trust account statement, which was filed in several other cases in this district, reflects that as of October 20, 2022, plaintiff's account has a balance of $5,221.90, with encumbrances of $565.00,

    for an available balance of $4,656.90.[2] See Hill v. Qui, No. 2:22-cv-1821 WBS EFB (E.D. Cal.), ECF No. 6 at 1; Hill v. Martini, No. 2:22-cv-1603 KJM AC (E.D. Cal.), ECF No. 10; Hill v. Agonone, No. 2:22-cv-1845 TLN JDP (E.D. Cal.), ECF No. 4 at 1. It shows that his initial balance on April 1, 2022, was $3,818.37, and that plaintiff received the following deposits: (1) $1,200.00 on April 20, 2022, labeled as a special deposit; (2) $600.00 and $51.47 on April 20, 2022, labeled as miscellaneous income; (3) $1,851.47 on May 20, 2022, labeled as TRACS transfer in; (4) $200.00 on June 14, 2022, labeled as JPAY; and (5) $100.00 on September 20, 2022, labeled as a voluntary withdrawal. Id.

Id. at 1-2 (footnote omitted). Plaintiff was ordered "to file further briefing addressing: 1) the sources of the funds for the initial balance in his inmate trust account on April 1, 2022, and whether he receives income regularly from any of those sources; 2) the sources of the deposits to his inmate trust account listed above and whether he receives income regularly from any of these sources; and 3) whether he has any recurring expenses for any necessities of life." Id. at 2. Plaintiff has now responded to the order. ECF No. 7. In his response, plaintiff states that during a settlement conference he was told by a judge from the United States District Court for the Northern District of California that Attorney General John Falconer would resolve all of his filing fees. Id. at 1. The response provides no further details and does not address any of the matters identified in the June 5, 2023 order. Id. at 1-2.

  II.  Legal Standard for In Forma Pauperis Status

  Section 1915(a)(1) provides, in relevant part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person[1]] possesses that the person is unable to pay such fees or give security therefor." "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" Escobedo v. Applebees, 787 F.3d

---

[1] "Person" has been substituted for "prisoner" because it appears "that the use of the word 'prisoner' was an oversight" and "that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [in forma pauperis]." Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (citing Floyd v. United States Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997)); Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." (citations omitted)); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (same).

1226, 1234 (9th Cir. 2015) (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam)). Where an in forma pauperis affidavit is written in the language of § 1915(a)(1), the court should ordinarily accept it, "particularly where unquestioned and where the judge does not perceive a flagrant misrepresentation." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948).

"The IFP statute does not itself define what constitutes insufficient assets," but the applicant does not need to be "absolutely destitute" to qualify for IFP status. Escobedo, 787 F.3d at 1234 (citations omitted). In assessing the applicant's financial condition, the court should consider not just the applicant's income, but also the money that applicant pays for necessities such as rent, necessary bills, and food. Id. at 1235. "It [is] within the court's discretion to make a factual inquiry and to deny the motion when [plaintiff is] unable, or unwilling, to verify their poverty." McQuade, 647 F.2d at 940 (internal citations omitted).

### III. Discussion

The question before the court is whether the current record demonstrates that plaintiff's application meets the § 1915(a)(1) standard under Adkins, 335 U.S. at 339, and its progeny. This includes consideration of whether plaintiff's funds are sufficient to pay not only the filing fee but also the "costs of certain transcripts and records on appeal and of service of process." See 28 U.S.C. § 1915(c), (d). However, despite being ordered to provide additional information regarding his financial status, plaintiff has refused to provide a clear picture of his assets and obligations, even after the court specified the financial information he must provide. Plaintiff's incomplete and misleading representations to the court make an assessment of his financial condition all but impossible.

More troubling are plaintiff's conflicting statements made under penalty of perjury. In his original November 8, 2022 application, plaintiff wrote, under penalty of perjury, that he had received no money from any sources in the past twelve months and had no cash or assets. ECF No. 2. Yet his trust account statements filed in other cases show that, during the six months preceding the filing of the complaint, he received hundreds of dollars in deposits to his trust account in addition to the nearly $4,000.00 already in his account. Then, instead of addressing

the court's order that he provide the source of these payments and beginning balance and that he inform the court whether he receives money from those sources regularly, plaintiff responded, without further elaboration, that the Attorney General's Office was supposed to "resolve all plaintiff's filing fees." ECF No. 7 at 1.  Furthermore, though not a prisoner, plaintiff is civilly detained, meaning many of his necessities are paid for by the state, and he has failed to address whether he had any recurring expenses and his application to proceed in forma pauperis does not reflect any such expenses.

While Escobedo, 787 F.3d at 1235, indicates that the court must consider the costs of plaintiff's necessities of life, such consideration is impossible without an accurate picture of those costs and plaintiff's income.  Plaintiff has completely failed to explain why he is unable to afford necessities of life and the costs of the filing fee, service of process, and appellate costs when he is in the custody of the state and has thousands of dollars in his trust account.  Nor is the court able to determine on its own whether plaintiff can pay for the costs of service of process or costs generated by any appeal that plaintiff may file because of plaintiff's failure to clarify his assets and expenses.  Instead, plaintiff apparently believes that the Attorney General's Office is somehow responsible for "resolving" his filing fees but offers no evidence to support this belief.

Here, the court observed what appeared to be a "flagrant misrepresentation" in plaintiff's IFP application when it became aware that plaintiff's trust account statement showed that plaintiff had several thousand dollars in his inmate trust account.  The court gave plaintiff an opportunity to file a supplemental affidavit "to state the facts as to [his] poverty with some particularity, definiteness and certainty."  McQuade, 647 F.2d at 940.  However, plaintiff has completely failed to supplement his application and it therefore appears that he is "unable, or unwilling, to verify [his] poverty."  Id.  The court cannot make the assessments necessary to determine the propriety of IFP status here for the simple reason that plaintiff has not provided the necessary information and is, apparently, unwilling or unable to do so.  Plaintiff has made apparent misrepresentations about his financial condition and has refused the court's invitation to provide an accurate picture of his finances.  Accordingly, the motion to proceed in forma pauperis should be denied.  See McQuade, 647 F.2d at 940 ("It [is] within the court's discretion to make a factual inquiry and to

deny the motion when [plaintiff is] unable, or unwilling, to verify their poverty." (internal citations omitted)).

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis should be denied and plaintiff should be required to pay the filing fee in full or face dismissal of this case.

Accordingly IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be DENIED.
2. Plaintiff be given thirty days to pay the filing fee or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE